**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER LEE STANTON,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:13-cv-1446** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **Judge Trauger** |
| | ) | |
| **Respondent.** | ) | |

<u>**MEMORANDUM and ORDER**</u>

Having granted the movant Christopher Stanton's motion to reconsider and reopened this case, the court must now proceed to conduct the initial review of the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings. Rule 4 provides that the Court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, the attached exhibits, and the record of prior proceedings that the movant is not entitled to relief in the district court. If so, the court shall make an order for its summary dismissal. *Id.* The United States is not required to answer the motion unless the court so orders. Rule 5, Rules Gov'g § 2255 Proceedings.

In his motion, Stanton asks the court to amend the judgment to give him credit for 3 years on his sentence under U.S.C.G. § 5G1.3(b), as occurred in a related case involving his brother, whose case was also before this court. In the movant's underlying criminal case, an amended judgment was entered in May 11, 2010 after the court accepted his Petition to Enter a Plea of Guilty to the charge of possession of stolen firearms. *United States v. Stanton*, No. 3:07-cr-0117 (M.D. Tenn. April 26, 2010 Order accepting plea, ECF No. 82). Pursuant to the terms of a negotiated plea agreement, the court sentenced Stanton to 120 months of incarceration, to begin immediately, and directed the Bureau of Prisons ("BOP") to designate the state facility for service of the federal term in the event that the defendant was returned to the State of Tennessee after federal sentencing. The court further recommended to the BOP that Stanton receive pretrial credit for prior custody from April 8, 2009 through the date of sentencing "if that time is not later credited toward any other sentence, in accordance with 18 U.S.C. § 3585(b)." (Case No. 3:07-cr-0117, May 11, 2010 Am. Judgment, ECF No. 88.)

In his present motion, Stanton acknowledges that the court recommended that he receive pretrial credit for prior custody from April 8, 2009 through the date of sentencing. He insists, however, that the court was "given false information by the defendant's counsel" and that the court simply granted what was requested. (ECF No. 1, at 7.) In other words, he claims his counsel failed to bring to the court's attention the applicability of U.S.C.G. § 5G1.3(b) and that, if counsel had done so, the court would have imposed a lesser sentence.

The movant fails to recognize that the court sentenced him to 120 months based on a negotiated plea agreement. In other words, the length of the term was the result of negotiations between the prosecutor and the defense attorney. As part of the plea agreement, the movant waived his right to appeal the sentence imposed. In light of that fact, the motion may be construed very generously to state a claim of ineffective assistance of counsel during plea proceedings, a claim that is cognizable in a § 2255 motion, or potentially a claim that the movant's acceptance of the plea agreement was not knowing and voluntary. However, such claims would have had to have been brought in a § 2255 motion filed within one year of the date the movant's judgment became final. 28 U.S.C. § 2255(f)(1). Because no direct appeal was filed, the judgment in the movant's criminal case became final fourteen days after entry of the May 11, 2010 amended judgment. Fed. R. App. P. 4(b)(1)A). The movant's second motion to amend his judgment, which raised the same issue presented here, was not filed until more than two years later, in August 2012, by which time the § 2255 filing deadline had already expired.[1] The issue was not resolved on the merits at that time, but the movant waited another year to file his present motion. Thus, even construed as stating cognizable habeas claims, the present motion is clearly time-barred by § 2255(f)(1), because the motion was filed more than one year after entry of judgment. The movant does not present

---

[1] More than two years after the first amended judgment was entered, Stanton filed a second motion to amend judgment seeking an "adjustment or departure" under U.S.S.G. 5G1.3. *United States v. Stanton*, No. 3:07-cr-0117 (M.D. Tenn. No. 3:07-cr-0117, Aug. 22 and 23, 2012 motion and memorandum, ECF Nos. 91 and 94). In that motion, as in his present motion, Stanton insisted that his brother had received an  adjustment under § 5G1.3 and that the court would have granted the same adjustment to him if his attorney had made the court aware of it. *See id.* (Sept. 27, 2012 Letter, ECF No. 101). The court never actually ruled on the merits of that motion. Instead, before the court addressed it, the petitioner filed a motion asking the court to grant his motion to amend judgment on the basis that the United States had never responded to it. The court denied that motion, after which Stanton immediately filed a notice of appeal. The court subsequently denied the motion to amend judgment for lack of jurisdiction in light of the pending appeal. Stanton then voluntarily dismissed his appeal, but did not seek to have his motion to amend reinstated and considered on the merits at that time.

any argument for an alternative date from which the statute of limitations should being to run[2] or for equitable tolling of the statute.[3]

To the extent the motion might be construed as a challenge to the manner in which the movant's sentence is executed, such a motion is "properly cognizable in a 28 U.S.C. § 2241(a) habeas petition." *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991); *see id.* ("Because defendant . . . is challenging the manner in which the sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply."); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977) ("[C]laims attacking the execution of the sentence . . . [are] cognizable solely under § 2241."). The law is also clear, however, that federal prisoners are required to file a § 2241 petition challenging the execution of their sentence "in the court having jurisdiction over the prisoner's custodian." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The movant's filings demonstrate that he is currently housed at USP Tucson, in Tucson, Arizona. That facility and the movant's custodian—*i.e.*, the warden of that facility—are located in the District of Arizona, Tucson Division. *See Braden v. 30th Judicial Circ. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him . . .."). Because the defendant is in custody at FCI Tucson, this court lacks jurisdiction to consider the defendant's motion insofar as it might be construed to challenge the execution of the movant's sentence. *Jalili*, 925 F.2d at 893–94. Moreover, transfer to that district is not appropriate

---

[2] The one-year limitation period commences on the latest of one of the four dates set forth in 28 U.S.C. § 2255(f). As discussed above, normally the date would be the date the movant's judgment became final. 28 U.S.C. § 2255(f)(1). The limitations period may also run from

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(2)–(4). The movant has not alleged facts suggesting any of these dates are relevant.

[3] The one-year statute of limitation applicable to § 2255 motions may be subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 935 (6th Cir. 2006), but such tolling is applied "sparingly." *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The movant here has not shown either that some extraordinary circumstance stood in his way or that he has been diligent in pursuing his rights.

because the movant has not shown that he has exhausted his administrative remedies regarding the execution of his sentence, a necessary prerequisite to seeking judicial review of the BOP's calculation of an inmate's release date. *See* 28 C.F.R. § 542.10 *et seq.*; *Ores v. Warden, FCI Texarkana*, 50 F.3d 10 (6th Cir. 1995) (citing *United States v. Westmoreland,* 974 F.2d 736, 737–38 (6th Cir. 1992)).

In sum, the court finds, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, that it plainly appears from the motion, the attached exhibits, and the record of prior proceedings that the movant is not entitled to relief in the district court. The motion is therefore **DENIED** and this action is **DISMISSED**.

The court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 movant. Rule 11(a), Rules Gov'g § 2255 Proceedings. The movant may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the movant "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ." 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the movant demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further.""" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337. Courts should not issue a COA as a matter of course. *Id.*

In this matter, the movant's claims that potentially raise a substantive challenge to his sentence are barred by the statute of limitations, and the court lacks jurisdiction over his claim to the extent it may be construed as challenging the execution of his sentence. Because an appeal by the movant on the issues raised in the motion would not merit further attention, the Court **DENIES** a COA. The movant may, however, seek a COA directly from the Sixth Circuit Court of Appeals.

It is so **ORDERED**.

This is a final order for purposes of Fed. R. Civ. P. 58.

_____
Aleta A. Trauger
United States District Judge